81 F.3d 168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FRIENDS OF the WILD SWAN, INC; Alliance for the Wild
Rockies, Inc., Plaintiffs-Appellants,
v.
U.S. FISH AND WILDLIFE SERVICE, an agency of the United
States Department of the Interior; Michael J.
Spear, Director Region One of the U.S.
Fish and Wildlife Service,
Defendants-Appellees.
 No. 95-35916.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 1996.
Decided April 2, 1996.
 
 Before: REINHARDT, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court dismissed plaintiffs' complaint against the U.S. Fish and Wildlife Service (FWS) challenging the agency's 1994 Finding that the bull trout did not warrant listing as an endangered species under the Endangered Species Act (ESA). The district court found that promulgation of a 1995 Finding rendered the case moot. We find it unnecessary to review the district court's finding of mootness because the case falls into the exception to the mootness doctrine for actions that are capable of repetition but of evading review. Accordingly, we reverse and remand.
 
 BACKGROUND
 
 3
 Plaintiffs filed a petition to list the bull trout as an endangered species on October 27, 1992.[1] On May 17, 1993, one month after the 90-day period mandated by the ESA for determining whether a petition presents substantial evidence, the FWS determined that the petition presented substantial evidence that the bull trout might qualify for listing and initiated a full review. On June 6, 1994, four months after the twelve-month deadline established by statute, the FWS released its 1994 Finding, which concluded that listing the bull trout was warranted but precluded.[2] The bull trout was given a priority ranking of 9.[3]
 
 
 4
 On November 1, 1994, plaintiffs filed suit to have the FWS's finding overturned. On January 31, 1995, the FWS upgraded the bull trout's priority ranking from 9 to 3, but nevertheless continued to classify the bull trout as warranted but precluded.[4] Plaintiffs moved for summary judgment on March 28, 1995. Defendants filed a motion to dismiss, arguing that the January upgrade rendered the case moot, and in the alternative that the district court should issue a stay until the new finding required by the ESA was filed in June. The District Court granted the stay, and on June 12, the FWS released its new finding, which returned the bull trout to a priority ranking of 9 and reaffirmed that listing the bull trout was warranted but precluded.
 
 
 5
 On June 22, the District Court issued an order stating that the 1994 Finding was moot and instructing plaintiffs to amend their complaint to challenge the 1995 Finding, if they so desired. Plaintiffs declined to amend, and filed this appeal.
 
 DISCUSSION
 
 6
 Although a finding of mootness ordinarily bars a case from being heard, we have recognized an exception to this rule for actions that are capable of repetition yet likely to evade review. Such cases can be heard if "(1) the duration of the challenged action is too short to allow full litigation before it ceases, and (2) there is a reasonable expectation that the plaintiffs will be subjected to it again." Greenpeace Action v. Franklin, 14 F.3d 1324, 1329 (9th Cir.1992). In determining whether a case should be heard, the public interest in having the dispute settled is a relevant factor. Id. at 1330; Alaska Fish & Wildlife Fed'n v. Dunkle, 829 F.2d 933, 939 (9th Cir.1987).
 
 Duration of the Challenged Action
 
 7
 The duration of the challenged action in this case clearly is too short to permit full litigation before it ceases. A finding is generally effective for twelve months.[5] In this particular case, however, the challenged finding was actually effective for only six months. The FWS's 1994 Finding governed the status of the bull trout from June, 1994 until January, 1995, when FWS released its report upgrading the priority ranking of the bull trout.
 
 
 8
 Whether the duration of the finding is six or twelve months is immaterial, however, because we have consistently held, in cases similar to this one, that one year or less is too short a time period to allow for full litigation. In Greenpeace Action, we applied the capable-of-repetition-yet-evading review exception to a suit challenging fish harvest regulations that had already expired, noting that "the regulation challenged was in effect for less than one year, making it difficult to obtain effective judicial review." 14 F.3d at 1329. See also Alaska Fish & Wildlife, 829 F.2d at 939 ("It is difficult to obtain judicial review during the duration of a one-year agreement."); Idaho Dep't of Fish v. National Marine Fisheries Serv., 56 F.3d 1071, 1075 (9th Cir.1995).
 
 Reasonable Expectation of Repetition
 
 9
 The challenged action in this case is reasonably likely to recur in the future. The FWS argues that there is no recurring action here because the outcome of each successive finding is unknown and is based on new data obtained during the preceding year. We disagree. In Greenpeace Action, where the plaintiff alleged that the annual harvest level for pollock had been unlawfully approved in 1991, we stated that "[t]he major issue--whether the Secretary has adequately examined the effects of pollock fishing on the Steller sea lions--is likely to recur in future years." 14 F.3d at 1330. Similarly, the major question here--whether listing the bull trout as a threatened species is warranted--is reasonably likely to recur. In fact, its recurrence is mandated; the FWS is required by the ESA to make a new determination every twelve months if it finds listing the bull trout warranted but precluded. See 16 U.S.C. §§ 1533(b)(3)(B) and 1533(b)(3)(C)(i).
 
 
 10
 Public Interest in Resolution of the Dispute
 
 
 11
 Finally, we believe the public interest supports resolution of the dispute. Resolution of the status of the bull trout has a potentially enormous impact on a variety of projects and activities throughout the northwest United States, as well as an indisputable impact on the ecosystems and habitats in which the bull trout can be found.
 
 CONCLUSION
 
 12
 Accordingly, without determining whether the case was moot, we find that it falls within the exception to the mootness doctrine for claims that are capable of repetition yet evading review. The order of the district court dismissing plaintiffs' complaint is therefore
 
 
 13
 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS DISPOSITION.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The ESA allows private individuals to petition the FWS to add a species to the endangered species list. It provides the Secretary of the Interior executive authority to administer most provisions of the ESA. The Secretary has delegated the authority to list species to the FWS. The FWS is required to determine within 90 days whether a petition presents substantial evidence that the species is entitled to listing
 If a petition presents substantial evidence, the FWS has 12 months from the date of receipt to make a finding. There are three possible findings: 1) listing the species is not warranted, 2) listing the species is warranted, or 3) listing the species is warranted but precluded by the fact that other species face a more imminent or serious threat of extinction.
 If the FWS makes a "not warranted" finding, the procedure is concluded. If it makes a "warranted" finding, it proceeds to develop specialized regulations to protect the species. If it makes a "warranted but precluded" finding, the petition is automatically resubmitted for consideration. The FWS is then required to re-evaluate the petition and make a new finding within the next 12 months. Warranted and warranted but precluded findings, as well as determinations that a petition fails to present substantial evidence, are subject to judicial review.
 
 
 [2]
 The Finding stated that "[v]irtually every bull trout population within the conterminous United States is threatened by a wide variety of land and water management practices." It also warned that "the threat to the bull trout population in the conterminous 48 states is considered imminent." Nevertheless, it concluded that "the threat to the bull trout's continued existence is moderate because of its widespread range, the existence of population in protected areas, and ongoing management changes (e.g. Forest Plan) that are expected to benefit some populations."
 
 
 [3]
 The FWS has devised a 12-point priority ranking system to distinguish between warranted and warranted but precluded petitions. The ranking is arrived at by weighing the seriousness of the threat to the species, the imminence of extinction, and the distinctiveness of the specie's gene pool. Species that receive a ranking of 1-6 are entitled to a warranted finding, while species that receive a ranking of 7-12 are given a warranted but precluded finding
 
 
 [4]
 In explaining the change, the FWS stated, "Based on the most recent status review, there was a consensus among biologists that a vast majority of remaining bull trout populations are subject to threats meeting listing priority 3 criteria."
 
 
 [5]
 We note that the procedural requirements of a suit under the ESA make it difficult to litigate a challenge to a finding before a new finding is issued. Plaintiffs must provide FWS with two months advance notice of the intent to sue, 16 U.S.C. § 1540(g)(2)(B), and once suit is filed, FWS is entitled to two months to respond to the complaint